UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROSCOE CHAMBERS                                          PLAINTIFF

v.                                        CIVIL ACTION NO. 3:16-CV-P569-CRS

MS. COCKRELL *et al.*                                  DEFENDANTS

**MEMORANDUM OPINION**

       This matter is before the Court upon a *pro se* "complaint" filed by Plaintiff Roscoe Chambers. The complaint states as follows: "This was to file a criminal complaint against these people" (DN 1). It contains no other information. In a subsequent motion to appoint counsel, Plaintiff identifies Defendants as "Ms. Cockrell employee F.B.O.P.; Ms. Chance, employed F.B.O.P.; Ms. Hamilton, employed Federal Bearua of prisons" (DN 2).

       Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Plaintiff is a private citizen, and he cannot initiate criminal charges against anyone. He, therefore, fails to establish the Court's subject-matter jurisdiction over this action. Accordingly, the Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date: October 11, 2016

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4411.011

2